Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Lead Plaintiff and Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AMANN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> METRO BANK PLC, VERNON W. HILL, II, CRAIG DONALDSON, MIKE BRIERLEY, and DAVID ARDEN, <br><br> Defendants. | No.  2:19-cv-04739-AB-JC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES OF JOSEPH AMANN IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** <br><br> <u>CLASS ACTION</u> <br><br> Judge: André Birotte, Jr. <br> Hearing Date: August 30, 2019 <br> Time: 10:00 a.m. <br> Ctrm: 7B – First Street Courthouse |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

1

Movant Joseph Amann respectfully submits this memorandum of points and authorities in opposition to the competing motion seeking appointment as lead plaintiff and approval of their choice of lead counsel.

Mr. Amann filed the complaint in this case and lost over $3,000 in connection with his purchases of Metro Bank PLC ("Metro Bank" or the "Company") securities during the class period. The remaining movant that purportedly lost more is Angela and Stella Lavdas (the "Lavdas")[1]—who appear to be an elderly married couple from New Jersey.[2] But, the Lavdas do not satisfy the typicality and adequacy requirements of Rule 23. It is critical to note that courts determining the most adequate lead plaintiff do not merely perform a rote mathematical calculation of comparing alleged losses. Numerical loss is only the first step in the process. The second step is analyzing a proposed lead plaintiff's typicality and adequacy under Rule 23. *In re Cavanaugh*, 306 F. 3d 726, 730-31 (9th Cir. 2002).

Here, the Lavdas cannot satisfy the requirements of Rule 23 because the sworn certifications they submitted are deficient. First, the lone trade listed on their certifications appear to be inaccurate. Second, the certifications do not purport to comply with the requirement that movants set forth all trades.

---

[1] The other movant, Betty Diller, withdrew her motion for appointment as lead plaintiff and approval of selection of counsel. Dkt. No. 28.

[2] *See, e.g.,* https://www.mylife.com/angelo-lavdas/e465946118172 (Angelo Lavdas, aged 83, resides on Voorhees, New Jersey); https://www.mylife.com/stella-lavdas/e468012702798 (Stella Lavdas, aged 72, resides on Voorhees, New Jersey); https://www.stateinfoservices.com/property/0313/23.01/4/ (Angelo and Stella Lavdas reside in Voorhees, New Jersey).

2

MEMORANDUM OF POINTS AND AUTHORITIES OF JOSEPH AMANN IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS;
2:19-CV-04739-AB-JC

## I.      LADVAS SUBMITTED DEFICIENT CERTIFICATIONS

The single trade the Ladvas set forth on their sworn certification appears to be inaccurate, demonstrating a carelessness that undermines their adequacy to serve as lead plaintiff. The Lavdas purport to have purchased 1,334 shares of Metro Bank on July 25, 2018 at a price of $45.01 a share. Based on data obtained from *MarketWatch*, however, Metro Bank only traded at $45.00 a share on July 25, 2018. *See* Declaration of Laurence Rosen, Exhibit 1. Courts have not hesitated to disqualify lead plaintiff movants with the largest loss because their sworn certification was inaccurate. *See Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) (disqualifying movant with the largest loss when errors in sworn certification demonstrated a "substantial degree of carelessness and raise[d] doubt as to whether he will fairly and adequately represent the best interests of the class"); *Camp v. Qualcomm Inc.*, 2019 WL 277360, at *4 (S.D. Cal. Jan. 22, 2019) (finding movant with largest loss did not qualify to be appointed as lead plaintiff because of, among other things, errors in reported trades in submitted certification). Similarly, Ladvas' error in their lone trade calls into question their ability to fairly represent the class.

The Ladvas' certification is further deficient because it does not purport to set forth all Metro Bank transactions during the class period. The Private Securities Litigation Reform Act ("PSLRA") plainly requires that those seeking to serve as a representative party submit a sworn certification that "sets forth all the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. § 78u-4(a)(2)(iv); *see also Redwen v. Sino Clean Energy, Inc.*, 2011 WL 13128376, at *1 (C.D. Cal. Aug. 8, 2011). Here, however, the

3

certifications that the Ladvas' submitted are inappropriately qualified: "***To the best of my current knowledge***, the attached sheet ("Schedule A") lists all of my transactions in Metro Bank securities during the Class Period as specified in the Complaint." Dkt. No. 26-2 at 2, 4 (emphasis added). Those seeking to serve as class representative must set forth all such transactions. Not all such transactions to the best of the Ladvas' current knowledge. Leaving such ample room for doubt does not comply with the requirements of the PSLRA.

These faults, when taken as a whole, raise serious reservations about Lavdas' ability to comprehend the lead plaintiff role, the accuracy of their trades, and whether they will be able to effectively monitor the proposed class counsel in view of the aforementioned. *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001) (a lead plaintiff must "be counted to monitor counsel in a sufficient manner."); *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, 2007 WL 2683636, at *9 (D.N.J. Sept. 7, 2007) (refusing to appoint movant who did not understand he could remain an absent class member prior to selecting counsel and who failed to demonstrate he was sufficiently sophisticated to lead the litigation).

## II.   MR. AMANN'S SHOULD BE APPOINTED LEAD PLAINTIFF

In contrast to the Ladvas', Mr. Amann has made a *prima facie* demonstration of his adequacy and typicality, and the Court should appoint him as Lead Plaintiff in this action.

As noted, when determining the most appropriate lead plaintiff under the PSLRA, courts do not solely look at financial interest.  That is only the first step.  *Cavanaugh*, 306 F. 3d at 730-31. Here, the only remaining

4

movant is the Ladvas', who, for reasons discussed above, are inadequate to serve as lead plaintiff.

Mr. Amann submitted an accurate certification and made a *prima facie* showing that he is adequate and typical, satisfying Rule 23 and the PSLRA, as set in the opening papers.  He made a timely motion, agreed to serve as lead plaintiff and is willing to appear at deposition and testify at trial. *See* Opening Br. at 3-6.  Under these circumstances, Mr. Amann is the most adequate plaintiff and should be appointed lead plaintiff.

## III.    MR. AMANN'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Amann has selected and retained the Rosen Law Firm, P.A. as the proposed lead counsel for the class.  As demonstrated in Mr. Amann's opening papers, the Rosen Law Firm has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class.  Consequently, the Court should approve Mr. Amann's selection of the Rosen Law Firm as lead counsel.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Amnn respectfully requests that the Court issue an Order appointing him as Lead Plaintiff for the class, approving The Rosen Law Firm P.A. as Lead Counsel, denying the

MEMORANDUM OF POINTS AND AUTHORITIES OF JOSEPH AMANN IN
OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS;
2:19-CV-04739-AB-JC

competing Lead Plaintiff Motions, and granting such other relief as the Court may deem to be just and proper.

Dated:  August 9, 2019                    Respectfully submitted,

                                          **THE ROSEN LAW FIRM, P.A.**
                                          /s/ Laurence M. Rosen
                                          Laurence M. Rosen, Esq. (SBN 219683)
                                          355 South Grand Avenue, Suite 2450
                                          Los Angeles, CA 90071
                                          Telephone: (213) 785-2610
                                          Facsimile: (213) 226-4684
                                          Email: lrosen@rosenlegal.com

                                          *[Proposed] Lead Counsel for Lead*
                                          *Plaintiff Movant and Class*

6

MEMORANDUM OF POINTS AND AUTHORITIES OF JOSEPH AMANN IN
OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS;
2:19-CV-04739-AB-JC

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, California. I am over the age of eighteen.

On August 9, 2019, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES OF JOSEPH AMANN IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on August 9, 2019.


/s/ Laurence Rosen
Laurence M. Rosen

MEMORANDUM OF POINTS AND AUTHORITIES OF JOSEPH AMANN IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS;
2:19-CV-04739-AB-JC