**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
JOHN T. JASNOCH (CA 281605)
jjasnoch@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508

*Attorneys for Lead Plaintiff Movants*
*Angelo and Stella Lavdas*

[Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AMANN, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>METRO BANK PLC, VERNON W. HILL, II, CRAIG DONALDSON, MIKE BRIERLEY, AND DAVID ARDEN,<br><br>                    Defendants. | Case No. 2:19-cv-04739-AB-JC<br><br>**PLAINTIFFS ANGELO AND STELLA LAVDAS'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**<br><br>Date:     August 30, 2019<br>Time:    10:00 a.m.<br>Dept.:   7B<br>Judge:  Hon. André Birotte Jr. |

PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL
CASE NO. 2:19-cv-04739-AB-JC

Lead Plaintiff Movants Angelo and Stella Lavdas (the "Lavdas") respectfully submit this reply in response to the opposition brief filed by competing lead plaintiff movant Joseph Amann ("Amann") (ECF No. 30) (the "Amann Opp.") and in further support of their motion for appointment as lead plaintiff (ECF No. 25).

There are now only two lead plaintiff movants seeking appointment as lead: the Lavdas and Amann.[1]  It is undisputed that the loss asserted by the Lavdas (~$50,000) is larger than the loss asserted by Amann (~$3,000).  *Compare* the Lavdas Opposition (ECF No. 29) (the "Lavdas Opp.") at 2 *with* Amann Opp. at 2. Therefore, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Lavdas are the presumptive lead plaintiff and must be appointed lead unless the Court is presented with evidence establishing that they are not adequate or typical within the meaning of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 730-732 (9th Cir. 2002).  Since Amann has failed to come forward with the required "exacting proof" of inadequacy mandated by the PSLRA, the Lavdas's motion must be granted.

Attempting to avoid this straightforward outcome, Amann argues that this presumption is rebutted because the purchase price reflected in the Lavdas's certifications were one penny outside the trading range for that day.  Amann Opp. at 3.  But Amann's argument is completely lacking in merit.  The purchase price reflected in the Lavdas's certifications was prepared in good faith in reliance on the Lavdas's TD Ameritrade account statement.  *See* Declaration of John Jasnoch ("Jasnoch Decl."), Ex. A.  Upon review of Amann's argument, counsel for the

---

[1]    A competing motion filed by movant Betty Diller was withdrawn on August 9, 2019 (ECF No. 28).

PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL
CASE NO. 2:19-cv-04739-AB-JC

Lavdas confirmed that their purchase occurred, in fact, at $45.00, not $45.01 as reflected in their TD Ameritrade account statement. Consequently, the Lavdas have submitted herewith corrected certifications reflecting that fact. Jasnoch Decl., Ex. B.

Thus, far from being a shocking and disqualifying problem, the one penny price difference identified by Amann is the sort of minor, explicable, discrepancy that courts routinely hold a lead plaintiff movant can correct. *See, e.g.*, *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840, 2017 WL 281742, at *5 (S.D.N.Y. Jan. 19, 2017) (noting that "the Court would be extremely reluctant to impose a rule that would force lead plaintiff movants to choose between leaving mistakes in their filings uncorrected or correcting the mistake and being summarily disqualified" and finding that movant's "correction of his certification . . . [fell] well short of 'proof'" of inadequacy); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538-39 (S.D.N.Y. 2015) ("Even if there were an error in the certification . . . 'minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement.'" (quoting *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479, 2011 WL 759553, at *11 (D. Idaho Feb. 24, 2011)); *Brday v. Frontier Commc'ns Corp.*, No. 3:17-CV-1617, 2018 WL 525485, at *10 (D. Conn. Jan. 18, 2018) ("Although FTR argues that the initial submission warrants a finding of inadequacy, the Court does not find that this corrected certification constitutes 'exacting proof' of inadequacy."); *In re Williams Sec. Litig.*, No. 02-CV-72, 2002 WL 32153476, at *3, n.8 (N.D. Okla. July 8, 2002) ("corrected errors in [movant]'s certification and loss calculation do not provide a sufficient basis for denying his motion to be appointed lead plaintiff"); C*ity of Marysville Gen. Emps. Ret. Sys. v. Nighthawk Radiology Holdings, Inc.*, No. CV 09-659, 2010 WL 2000040, at *6 (D. Idaho May 19, 2010); *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 411 (D. Minn. 1998)

2

(allowing the presumptive lead plaintiffs to amend their certifications to correct technical deficiencies).  Here, the Lavdas acted in good faith, relying on information provided by their broker when executing their certifications, and have now filed corrected certifications.  Therefore, Amann's argument fails.

Further, none of the authority submitted by Amann supports the proposition that the Lavdas should be disqualified for relying in good faith on account statements from their brokerage firm.  *See Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) (disqualifying movant with the largest loss because his errors were "repeated"); *Camp v. Qualcomm Inc.*, No. 18-cv-1208, 2019 WL 277360, at *3-*4 (S.D. Cal. Jan. 22, 2019) (disqualifying movant with the largest loss because, among other significant errors, movant used the wrong loss calculation, which when corrected, reduced his losses by 30%).

Additionally, Amann's assertion that the Lavdas's certifications were insufficient because of the language used to preface their transactions also fails. Amann Opp. at 3-4.  The language in the Lavdas's certifications is standard and has been used by successful lead plaintiff movants in this District and in others. *See, e.g.*, *Vignola v. FAT Brands, Inc.*, No. 2:18-cv-07469-PSG-PLA (C.D. Cal.) (ECF No. 32-2, attached as Ex. C to the Jasnoch Decl.) (Lead Plaintiff Movant Certification stating, "To the best of my current knowledge, the following are my transactions . . ."); (ECF No. 48) (Order appointing aforementioned movant Lead Plaintiff); *James Caliendo v. CenturyLink, Inc.*, No. 2:19-cv-01629-CBM (C.D. Cal.) (ECF No. 26-2, attached to the Jasnoch Decl. as Ex. D) (Lead Plaintiff Movant Certifications stating, "To the best of my current knowledge, the attached sheet lists all of my transactions . . ."); (ECF No. 39) (Order appointing

PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL
CASE NO. 2:19-cv-04739-AB-JC

aforementioned movant Lead Plaintiff).[2]   Notably, Amann's counsel here was appointed lead counsel in both of these cases. *Id.*

Since the Lavdas have the largest financial loss and are therefore the "presumptive" lead plaintiff under the PSLRA, and because Amann has come nowhere close to rebutting the lead plaintiff presumption, the Court should grant the Lavdas's lead plaintiff motion in full.

DATED: August 16, 2019          Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s*/ John T. Jasnoch
John T. Jasnoch (CA 281605)
jjasnoch@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508

– and –

Thomas L. Laughlin, IV
tlaughlin@scott-scott.com
Jonathan M. Zimmerman
jzimmerman@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334

---

[2]   *See also*, *Staublein v. Acadia Pharmaceuticals Inc.*, No. 3:18-cv-01647 (S.D. Cal.) (ECF No. 20-4, attached as Ex. E to the Jasnoch Decl.) (Lead Plaintiff Movant Certification stating "To the best of my current knowledge, the attached sheet lists all of my transactions . . ."); (ECF No. 41) (Order appointing aforementioned movant lead plaintiff); *Candelore v. Force Protection, Inc. Securities Litigation*, 2:08-cv-00845 (D. S.C.) (ECF No. 19-5, attached as Ex. F to the Jasnoch Decl.) (Lead Plaintiff Movant Certifications that each stated, "to the best of my current knowledge, information and belief"); (ECF No. 81) (Order appointing aforementioned movant Lead Plaintiff over contention that certifications were deficient because of the qualifier used).

4

Brian Schall
brian@schallfirm.com
**THE SCHALL LAW FIRM**
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192

*Attorneys for Lead Plaintiff Movants*
*Angelo and Stella Lavdas*

PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL
CASE NO. 2:19-cv-04739-AB-JC

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

Executed on August 16, 2019, at San Diego, California.

 *s*/ John T. Jasnoch
John T. Jasnoch (CA 281605)

6