1
2
3
4
5
6
7

# United States District Court
# Central District of California
# Western Division

11

| | |
|---|---|
| JOSEPH AMANN, *et al.*, | CV 19-04739 TJH (JCx) |
| Plaintiffs, | |
| v. | **Order** |
| METRO BANK PLC, *et al.*, | JS-6 |
| Defendants. | |

The Court has considered the motion to dismiss filed by Defendants David Arden, Mike Brierley, Craig Donaldson, Aileen Gillan, and Vernon Hill [collectively, "the Individual Defendants"], along with Defendant Metro Bank PLC ["Metro Bank"], together with the moving and opposing papers.

Metro Bank is a retail and commercial bank that operates in the United Kingdom. Plaintiffs purchased Metro Bank securities through an over the counter stock market in the United States from July 26, 2016, through and including September 24, 2019. The Individual Defendants are, or were, allegedly, Metro Bank's officers or board members during the relevant time period.

On January 10, 2020, Plaintiffs filed their First Amended Complaint ["FAC"] in this putative class action, alleging that Metro Bank and the Individual Defendants

violated the Securities Exchange Act of 1934, 15 U.S.C. §§ 78, *et seq*. ["the Exchange Act"] by, *inter alia*, intentionally making various untrue statements of material fact and omitting to state material facts related to the amount and nature of loans Metro Bank had issued to artificially inflate the price of its securities, thereby causing putative class members to purchase, or otherwise acquire, Metro Bank securities at artificially inflated prices.

Metro Bank and the Individual Defendants, now, move to dismiss the FAC for lack of personal jurisdiction, improper venue, and failure to state a claim.

To withstand a motion to dismiss for lack of personal jurisdiction, Plaintiffs must make a *prima facie* showing that the Court has personal jurisdiction.  *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010).  The Court must accept as true the uncontroverted allegations in the FAC as to personal jurisdiction, and conflicts contained in the parties' affidavits must be resolved in Plaintiffs' favor.  *See Brayton*, 606 F.3d at 1127.

Here, it is undisputed that all of the defendants are non-residents of the United States and that they are all based in the United Kingdom.  Nevertheless, under the Exchange Act, the Court has personal jurisdiction over a non-resident defendant if the defendant had sufficient minimum contacts with the United States.  *See Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1316 (9th Cir. 1985).

There is neither allegations nor evidence to establish that any of the Defendants, here, had any contact with the United States.  Although Plaintiffs alleged that Metro Bank "securities trade [over the counter] in the United States," Plaintiffs failed to allege that Metro Bank or the Individual Defendants did anything to make those securities available in the United States.  Plaintiffs, also, alleged that the Individual Defendants knew or should have known that their alleged material misrepresentations and omissions would affect the market, but failed to allege that any Defendant intended, or knew, that the statements would affect the market in the United States.

Therefore, Plaintiffs failed to make a *prima facie* showing of personal

jurisdiction.  *See Brayton*, 606 F.3d at 1127.

Accordingly,

It is Ordered that the motion to dismiss for lack of personal jurisdiction be, and hereby is, Granted.

Date: December 2, 2020

Terry J. Hatter, Jr.
Senior United States District Judge